# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENIS TOBY, | : |
| Petitioner, | : |
| | : CIVIL ACTION NO. 3:11-cv-75 |
| v. | : |
| JOSEPH MAZERKIWICZ, | : (JUDGE CAPUTO) |
| | : (MAGISTRATE JUDGE SMYSER) |
| Respondent. | : |

## MEMORANDUM

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation ("R & R") of February 11, 2011 (Doc. 8) and plaintiff's objections (Doc. 9). Magistrate Judge Smyser recommended that plaintiff's petition for a writ of habeas corpus be denied because plaintiff has not alleged that his conviction violated federal law. The Court agrees, and will dismiss the petition.

## BACKGROUND

Mr. Toby filed a *pro se* petition for writ of habeas corpus on January 11, 2011, challenging his conviction and sentence from the Court of Common Pleas of York County, Pennsylvania. After being given the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), Mr. Toby informed the Court that he wished to have his petition ruled on as filed. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Magistrate Judge Smyser reviewed the petition to determine whether it plainly appeared that Mr. Toby was not entitled to relief. Mr. Toby's petition raised four errors allegedly made by the trial court: (1) refusing to instruct the jury on the offense of involuntary manslaughter; (2) abusing its discretion in sentencing Mr. Toby to an aggregate term of

imprisonment of 27 ½ to 55 years; (3) abusing its discretion in refusing to transfer the case to juvenile court; (4) refusing to instruct the jury on the defense of duress. According to the United States Supreme Court, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the federal Constitution or federal law. *Estelle v. McGuire*, 502 U.S. 62,68 (1991). Federal habeas corpus relief is not available for errors of state law. *Estelle*, 502 U.S. at 67. Reviewing the petition, Magistrate Judge Smyser concluded that Mr. Toby alleged violations of state, rather than federal, law. Because violations of state law are not cognizable as federal habeas corpus claims, the Magistrate Judge recommended that Mr. Toby's petition be dismissed. Mr. Toby then filed his objections.

## **STANDARD OF REVIEW**

When a party objects to the magistrate judge's report, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See*

*Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## **DISCUSSION**

The Court will adopt Magistrate Judge Smyser's recommendations and dismiss Mr. Toby's petition. In his objections, Mr. Toby attempts to re-cast his state law claims as federal ones. He also appears to erroneously interpret the Magistrate Judge's recommendation as being based in part on some sort of exhaustion argument. The Magistrate Judge's recommendation rests solely on the holding of *Estelle*.

Under *Estelle*, a federal court reviewing a habeas petition is limited to determining whether the petition alleges any violations of federal law – Mr. Toby's petition does not. Since federal habeas corpus relief is only available for violations of federal law, the Court will dismiss his petition.

## **CONCLUSION**

For the reasons stated above, the Court will dismiss Mr. Toby's petition. An appropriate order follows.

7/5/12  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENIS TOBY, | : |
|    Petitioner, | : |
| | :   CIVIL ACTION NO. 3:11-cv-75 |
|    v. | : |
| JOSEPH MAZERKIWICZ, | :   (JUDGE CAPUTO) |
| | :   (MAGISTRATE JUDGE SMYSER) |
|    Respondent. | : |

**ORDER**

**NOW**, this ___5th___ day of July, 2011, after consideration of Magistrate Judge Smyser's Report and Recommendation (Doc. 8) recommending that Mr. Toby's petition for a writ of habeas corpus be dismissed, and Mr. Toby's objections, **IT IS HEREBY ORDERED THAT** the petition is **DISMISSED**. Further, the Clerk of Courts is directed to mark the case as **CLOSED**.

                                               /s/ A. Richard Caputo
                                               A. Richard Caputo
                                               United States District Judge